UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

Danny Wright,                                    Case No. 5:17 CV 1359

        Petitioner,                          JUDGE JAMES G. CARR

    v.

                                             <u>OPINION AND ORDER</u>

Warden, Belmont Correctional Institution

        Respondent.

*Pro se* Petitioner Danny Wright filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. He is currently incarcerated in the Belmont Correctional Institution, having been convicted in the Carroll County Court of Common Pleas, Case No. 2014 CRA 5870, of aggravated assault. He was sentenced to eighteen months in prison.

In this Petition, he asserts four grounds for habeas relief: (1) the court did not award him credit against his sentence for time he was released on bond with electronic monitoring; (2) had he been given such credit, he would be entitled to immediate release; (3) his plea agreement entitles him to such credit; and (4) the trial court knowingly, voluntarily and intelligently accepted his plea which included jail time credit.

For the reasons set forth below, I deny the petition.

# I. Background

The facts of this case are stated in the Ohio Seventh District Court of Appeals opinion, *State v. Wright*, No. 15 CA 0907, 2016 WL 7493592, at *1-4 (Ohio 7 Dist. Ct. App. Dec. 22, 2016) :

> This case involves a tragic years-long feud between the victim, Wright and their families. Patrick Wright, Wright's uncle, was leaving the driveway of his residence in his truck and observed Wright, on a riding lawnmower in the neighboring lot. On this day, they exchanged non-verbal insults; specifically, both men displayed their middle fingers. According to Patrick, Wright got off his lawnmower, charged at Patrick and began assaulting him while Patrick was still seated in his truck. Wright wielded a utility knife, and punched and slashed at Patrick's face and neck area several times.

> As a result, Patrick suffered several deep lacerations across his neck and under his left jawline, across his nose and below his left eyebrow, near his left eye, and behind his left ear. He also had bruises on his face, including a severely blackened and swollen left eye. Patrick lost a large amount of blood, required approximately 60 stitches to close his wounds, and was hospitalized for one week.

> Initially, Wright told sheriff's deputies that he only attacked Patrick in self-defense after Patrick had chased him with a pipe. However, no pipe was found at the scene; Patrick's blood was located throughout the driver's side on the inside of his truck; and Debbie, Patrick's wife, took video of Wright running from Patrick's truck after the assault.

> The grand jury indicted Wright on one count of felonious assault, R.C. 2903.11(A)(2), a second-degree felony. He was arrested, pled not guilty, retained counsel, and was released on bond with conditions including electronically monitored house arrest with alcohol monitoring and his agreement not to reenter Carroll County except for court appearances and probation reporting requirements.

> Ultimately, Wright entered into a Crim.R. 11 plea agreement with the State and pled no contest to an amended count of aggravated assault, a fourth-degree felony. No sentencing recommendation was made as part of the agreement.

> At the sentencing hearing, counsel for both sides made sentencing arguments. The victim, Patrick, and his wife Debbie both gave

statements about how severely the crime had impacted their lives. The defense also presented dozens of letters from Wright's friends and family, in which they vouched for his good character and requested leniency. Wright's pastor and his employer also made statements in support of Wright during the hearing.

After being addressed by the trial court, Wright chose to speak, but before he did, defense counsel presented Wright in the best light, stating, "Danny is not the victim here. And I would agree with [the prosecutor] that he's not the victim. He's the felon. He is being punished." However, when Wright addressed the court he gave his own version of the incident, in which he asserted he was the victim. Further, he expressed no regret for the victim's life-threating [*sic*] injuries and permanent disfigurement.

In the sentencing entry, after expressly considering the purposes of felony sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors under R.C. 2929.12, the trial court imposed a maximum sentence of 18 months, along with a discretionary three-year term of post-release control. The trial court stayed execution of the sentence pending appeal.

On direct appeal, Wright argued that:

1. The trial court failed to issue a sentence that is proportional to and consistent with sentences given for similar offenses by similar offenders thereby depriving Appellant of his State and Federal rights to Due Process and Equal Protection and making said sentence both an abuse of discretion and/or contrary to law.

2. The trial court was bound to find that Appellant's actions were conducted while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force by accepting the amendment thereby causing error when it held those same factors against Appellant at sentencing.

The Ohio Seventh District Court of Appeals found his arguments to be without merit and affirmed the trial court's judgment. *Wright*, *supra*, 2016 WL 7493592, at *2–4. Wright sought

discretionary review in the Ohio Supreme Court, but the court apparently rejected Wright's application because it was untimely. (Doc. 1 at 2).

Wright did not file either a postconviction or habeas corpus petition.

## II. Standard of Review

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004).

Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). That means, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law, and it must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984).

The doctrine of procedural default also limits access to federal court review of the merits of a constitutional claim. *Daniels v. United States*, 532 U.S. 374, 381 (2001).

Procedural default may occur in two ways. First, a Petitioner procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court" and is barred from obtaining a decision on the merits of his claims. *Maupin v. Smith*, 785 F.2d

135, 138 (6th Cir. 1986). Second, a Petitioner defaults a claim by failing to raise it in state court, and pursue that claim through the state's ordinary appellate review procedures. *Baston v. Bagley*, 282 F. Supp.2d 655, 661 (N.D. Ohio 2003).

### III. Analysis

Because Wright has never raised any of his claims in state court, and because it is clear that the Ohio courts would not permit him to litigate those claims now, his claims are all procedurally defaulted.

First, Wright did not raise any of his claims in the state appellate court. Having failed to perfect a timely appeal to the Ohio Supreme Court, moreover, Wright did not give the state supreme court any opportunity to adjudicate his claims.

Second, the Ohio courts would not permit Wright to litigate these claims in a habeas corpus petition. As the Ohio Court of Appeals has explained, "[h]abeas corpus does not lie to challenge the calculation of jail-time credit when the petitioner has an adequate remedy by appeal to raise the issue." *Lynch v. Bradley*, 2017 WL 1102779, *2 (Ohio App.). Here, Wright could have raised all of his claims on direct appeal, as each claim rested on a matter of record: the trial court's failure to credit against his 18-month sentence the time Wright spent on bond and electronic monitoring.

For these reasons, I conclude that Wright procedurally defaulted his claims.

Furthermore, the record discloses no basis for excusing the defaults. While an ineffective-assistance-of-appellate-counsel claim can excuse a default, Wright has never raised such a claim in state court, and thus that claim could not serve as "cause" here. *See Edwards v. Carpenter*, 529 U.S. 446 (2000). And given's Wright's no-contest plea and the seemingly extensive evidence of his guilt, there is hardly a plausible basis for an "actual innocence" argument.

Finally, I also conclude that Wright's first, second, and fourth claims are not cognizable because they are pure state-law claim: each concerns whether, as a matter of Ohio law, Wright was entitled to have the time spent on bond credited against his prison sentence. *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003).

### IV. Conclusion

It is, therefore,

ORDERED THAT:

1.  Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 2) is granted;

2.  The Petition (Doc. 1) is denied;

3.  No certificate of appealability shall issue; and

4.  The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge